**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT LEE JENKINS, JR.<br><br>               Plaintiff,<br><br>  v.<br><br>SGT. HOWARD, et al.,<br><br>              Defendants. | Case No. CV 18-7526 ODW (SS)<br><br>**ORDER DISMISSING COMPLAINT**<br><br>**WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On August 27, 2018, Plaintiff Robert Lee Jenkins, Jr. ("Plaintiff"), a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] ("Complaint,"

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received or filed by the court. Houston v. Lack, 487 U.S. 266, 270 (1988); see also Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) ("[T]he Houston mailbox rule applies to § 1983 suits filed by pro se prisoners."); Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."). Here, the Court has calculated the

Dkt. No. 1). Having screened the Complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES it with leave to amend for the reasons stated below.[2]

## II.

## PLAINTIFF'S ALLEGATIONS

Plaintiff sues six officers in the California Men's Colony State Prison: (1) Sergeant Howard, (2) Officer Soto, (3) Officer Gofferman, (4) Lieutenant Benett, (5) Captain Fernandez, and (6) Officer Flores. (Complaint at 4-6). He also sues (7) Associate Warden P. Denny. (Id. at 6). Plaintiff alleges that the officers engaged in a campaign of harassment against him in retaliation for filing grievances against them. (See id. at 7-23). Sergeant Howard led the harassment primarily by filing false disciplinary actions against Plaintiff and directing Officers Soto, Gofferman, Flores and others to conduct numerous searches of Plaintiff's cell and confiscate his property, including legal documents. (See id.). Plaintiff alleges that he reported these actions to Lieutenant

---

filing date of this action pursuant to the mailbox rule as the date Plaintiff signed the Complaint. (Complaint at 24). (Citations to the Complaint refer to the pages assigned by the Court's electronic filing system.)

[2] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (finding that "the dismissal of a complaint with leave to amend is a non-dispositive matter"). Consistent with McKeever, the Court concludes that its Order Dismissing Complaint with Leave to Amend is a non-dispositive Order. However, pursuant to Federal Rule of Civil Procedure 72, if Plaintiff disagrees, he may file an objection with the District Judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015).

Benett, Captain Fernandez and Associate Warden P. Denny, but they failed to address the problems. (See id.).

Plaintiff claims that Defendants violated his constitutional rights under the First, Eighth and Fourteenth Amendments. (Id. at 23). He seeks $100,000 in compensatory damages from Defendants, jointly and severally, and $50,000 in punitive damages from each Defendant, along with injunctive and declaratory relief. (Id. at 24).

**III.**

**STANDARD OF REVIEW**

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A. A court may dismiss such a complaint, or any portion thereof, if the court concludes that the complaint: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1)-(2); see also id. § 1915(e)(2) ("[The court] shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); accord Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). In addition, dismissal may be appropriate if a complaint violates Rule 8 of the Federal Rules of Civil Procedure. McHenry

3

v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981). Pro se pleadings are "to be liberally construed" and "held to less stringent standards" than those drafted by a lawyer. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## III.
## DISCUSSION

Plaintiff's Complaint warrants dismissal because it violates Rule 8 of the Federal Rules of Civil Procedure. However, because the defects may be corrected, the Court grants Plaintiff leave to amend. See Lopez, 203 F.3d at 1130-31.

Rule 8 governs how to plead claims in a complaint. Specifically, Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Rule 8(d), moreover, requires each allegation of a complaint to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Rule 8 may be violated not only when a pleading "says *too little*," but also "when a pleading says *too much*." Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original); see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d

4

1047, 1059 (9th Cir. 2011) ("While 'the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that [is] needlessly long.") (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)); id. at 1058 (a litigant has no right to file a complaint of unlimited length and opacity). In the words of the Ninth Circuit, "[D]istrict courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations." Id. at 1059. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." McHenry, 84 F.3d at 1179-80. Moreover, "Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." Id. at 1180.

Here, Plaintiff relays all of his allegations in an excessively detailed, discursive, rambling narrative over fifteen pages of dense, lengthy paragraphs. The allegations span a variety of incidents involving numerous people. (See Complaint at 7-23). Following those fifteen pages is a single paragraph setting forth Plaintiff's one "claim," which is simply that all of the Defendants violated his First, Eighth and Fourteenth Amendment rights through their alleged conduct. (Id. at 24). The Complaint also includes more than one hundred pages of exhibits.

In sum, the Complaint violates Rule 8 because it is needlessly lengthy and fails to clearly identify the specific incident giving rise to each individual violation and the specific Defendants Plaintiff believes are liable for each of those asserted violations. Accordingly, the Court dismisses the Complaint with leave to amend. Cf. Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8 dismissal of a complaint with attachments that "exceeded 70 pages in length, [and was] confusing and conclusory"); McHenry, 84 F.3d at 1177-80 (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). Any amended complaint should, among other things, include individual claims based on particular incidents or violations. Each claim should name the particular Defendants responsible and set forth the relevant supporting allegations in clear and concise numbered paragraphs.

## IV.

## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The First Amended Complaint, if any,

shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. **It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of</u>**

7

**Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: November 2, 2018

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**